IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SCOTT A. MCPARTLAND,    :    Civil No. 1:22-CV-00284
    :
    **Plaintiff,**    :
    :
    **v.**    :
    :
CHASE MANHATTAN BANK USA,    :
N.A. d/b/a CHASE BANKCARD    :
SERVICES, INC.,    :
    :
    **Defendant.**    :    Judge Sylvia H. Rambo

## M E M O R A N D U M

Before the court is Plaintiff Scott McPartland's motion for a preliminary injunction. (Doc. 10.) For the reasons set forth below, the motion will be denied.

## I.    BACKGROUND

This dispute concerns the accrual of over $20,000 in purportedly unauthorized charges on McPartland's two credit card accounts with Defendant JP Morgan Chase Bank, N.A.[1] The complaint alleges the following facts. For approximately fifteen years, McPartland maintained Disney and Bonvoy credit cards with Chase in good standing. (Doc.1-1 ¶¶ 5, 8.) Between December 22, 2020 and February 3, 2021, McPartland's Bonvoy card incurred at least $6,952.97 of unauthorized charges with two gambling websites and for the online purchase of gift cards. (*Id*. ¶¶ 10–14, 16.) Between December 26, 2020 and January 11, 2021, McPartland's Disney card

---

[1] Defendant (hereinafter "Chase") was improperly named in the complaint as Chase Manhattan Bank USA, N.A. d/b/a Chase Bankcard Services, Inc.

accrued at least $14,165.32 of unauthorized charges at the same two gambling websites. (*Id.* ¶¶ 18, 19, 22.) McPartland became aware of the unauthorized charges when he reviewed his billing statements in February 2021, at which point he contacted Chase, filed a police report, and reported identity theft to the Federal Bureau of Investigation. (*Id.* ¶¶ 28–31.)

In late April 2021, Chase sent McPartland a letter stating its conclusion that the disputed charges were valid. According to the complaint, however, the evidence Chase presented was actually suggestive of identity theft.[2] (*Id.* ¶¶ 33–35.) Nevertheless, Chase refused to remove the charges or further investigate the matter, and it continues to seek payment from McPartland. (*Id.* ¶¶ 32, 39.)

On January 27, 2022, McPartland filed a complaint against Chase in the Court of Common Pleas of Dauphin County, Pennsylvania. (Doc. 1-1.) The complaint alleged a breach of contract, a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, and an infraction under the federal Truth in Lending Act for unauthorized use of credit cards. (*Id.*) On February 24, 2022, Chase removed the complaint to federal court and moved to dismiss all claims on March 2, 2022. (Docs. 1, 4.)

---

[2] Such evidence includes "multiple IP Addresses used in Order/Transaction Details, incorrect phone number(s) used for Plaintiff, names of individuals unknown to Plaintiff provided in Identity Review documents, incorrect address used for Card Holder Info, etc." and that "at least some of the purchases [were] 'pinged' to an area approximately 7 miles from Plaintiff's address." (Doc. 1-1 at ¶¶ 34–35.)

On April 5, 2022, McPartland moved for a preliminary injunction prohibiting Chase from negatively reporting on his credit, requiring it to rescind negative credit reports previously issued, and assessing a daily $500 fee, payable to McPartland, for not fully complying within five days. (Doc. 10-1; Doc. 11 at 4.) McPartland's motion alleges that Chase caused his credit score to plunge 300 points by reporting the unpaid charges to credit reporting agencies, and that Chase's ongoing reporting "has and will continue to cause significant and severe consequences for Plaintiff in his ability to obtain credit." (Doc. 10 ¶¶ 12–13; Doc. 11 at 4.) According to McPartland, he has an immediate need for credit due to an unspecified "life-changing event" that will occur in June 2022, and the negative credit reporting he suffered has caused banks to deny his applications for personal loans and a home equity line of credit. (*Id.* ¶¶ 17–19.) Having been fully briefed, this motion is ripe for review.

## II.   <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 65 governs requests for preliminary injunctions. In determining whether a preliminary injunction is warranted, a court must consider: "(1) the likelihood that the moving party will succeed on the merits; (2) the extent to which the moving party will suffer irreparable harm without injunctive relief; (3) the extent to which the non-moving party will suffer irreparable harm if the injunction is issued; and (4) the public interest." *McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC*, 511 F.3d 350, 356–57 (3d Cir. 2007) (internal

quotation marks omitted). The first two factors function as a "most critical" threshold, and it is only when they are satisfied that a court will exercise its discretion to determine whether "all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017), *as amended* (June 26, 2017). The Supreme Court has observed "that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion," and substantial proof is required. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (quotation omitted).

"A plaintiff has the burden of proving a 'clear showing of immediate irreparable injury.'" *ECRI v. McGraw–Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (internal citation omitted). The alleged harm cannot be remote or speculative. *See BP Chemicals Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 263 (3d Cir. 2000). To show the harm is irreparable, "the moving party may point to a harm which cannot be redressed by a legal or equitable remedy following trial." *City of Philadelphia v. Sessions*, 280 F. Supp. 3d 579, 656 (E.D. Pa. 2017). Economic loss does not constitute irreparable harm. *See Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994).

## III.   <u>DISCUSSION</u>

McPartland is not entitled to relief because his motion fails to show that a preliminary injunction is necessary to avoid irreparable harm. While McPartland contends that he will continue to suffer harm from being denied credit in connection with an unspecified life-changing event, his motion gives no indication as to the nature, certainty, or severity of the harm that may befall him. In the absence of such details, the probability of future irreparable harm is too speculative, and there is no basis for concluding that McPartland's alleged injury cannot be remedied in the ordinary course of litigation. *See id.* at 653; *see also BP Chemicals Ltd.*, 229 F.3d at 263; *Kates v. Packer*, No. 3:CV-13-1525, 2014 WL 1218905, at *4 (M.D. Pa. Mar. 24, 2014) ("[V]ague and conclusory allegations fall far short" of establishing irreparable harm.); *Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.") (internal quotation omitted); *A.O. Smith Corp. v. F.T.C.*, 530 F.2d 515, 525 (3d Cir. 1976) (specifying that the injury must "be of a peculiar nature, so that compensation in money cannot atone for it") (internal quotation omitted). Because McPartland's motion provides

no evidence to establish a clear showing of irreparable harm, there is no basis for granting the extraordinary remedy of a preliminary injunction.

## IV.    **CONCLUSION**

For the reasons explained above, Plaintiff Scott McPartland's motion for a preliminary injunction will be denied. (Doc. 10.) An appropriate order shall follow.


_s/ Sylvia H. Rambo_
SYLVIA H. RAMBO
United States District Judge

Dated: May 4, 2022

6