IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCOTT A. MCPARTLAND,** | : | **Civil No. 1:22-CV-00284** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CHASE MANHATTAN BANK USA,** | : | |
| **N.A. d/b/a CHASE BANKCARD** | : | |
| **SERVICES, INC.,** | : | |
| | : | |
| **Defendant.** | : | **Judge Sylvia H. Rambo** |

**M E M O R A N D U M**

Before the court is a motion to dismiss the complaint filed by Defendant JP Morgan Chase Bank, N.A. [1] (Doc. 4.) For the reasons set forth below, the motion will be granted in part and denied in part.

## I.    BACKGROUND

This dispute concerns the accrual of over $20,000 in purportedly unauthorized charges on Plaintiff Scott McPartland's two credit card accounts with Chase. The complaint alleges the following facts which are taken as true for purposes of resolving the motion to dismiss. For approximately fifteen years, McPartland maintained Disney and Bonvoy credit cards with Chase in good standing. (Doc.1-1 ¶¶ 5, 8.) Between December 22, 2020 and February 3, 2021, McPartland's Bonvoy

---

[1] Defendant (hereinafter "Chase") was improperly named in the complaint as Chase Manhattan Bank USA, N.A. d/b/a Chase Bankcard Services, Inc.

card incurred at least $6,952.97 of unauthorized charges with two gambling websites and for the online purchase of gift cards. (*Id.* ¶¶ 10–14, 16.) Between December 26, 2020 and January 11, 2021, McPartland's Disney card accrued at least $14,165.32 of unauthorized charges at the same two gambling websites. (*Id.* ¶¶ 18, 19, 22.) McPartland became aware of the unauthorized charges when he reviewed his billing statements in February 2021, at which point he contacted Chase, filed a police report, and reported identity theft to the Federal Bureau of Investigation. (*Id.* ¶¶ 28–31.)

In late April 2021, Chase sent McPartland a letter stating its conclusion that the disputed charges were valid. According to the complaint, however, the evidence Chase presented was, in fact, suggestive of identity theft.[2] (*Id.* ¶¶ 33–35.) Nevertheless, Chase refused to remove the charges or further investigate the matter, and it continues to seek payment from McPartland. (*Id.* ¶¶ 32, 39.)

On January 27, 2022, McPartland filed a complaint against Chase in the Court of Common Pleas of Dauphin County, Pennsylvania, which Chase then removed to federal court. (Docs. 1, 1-1.) McPartland subsequently filed a motion for a preliminary injunction which sought to enjoin Chase from negatively reporting on his credit, which the court denied on May 4, 2022. (Docs. 10, 16.)

---

[2] Such evidence includes "multiple IP Addresses used in Order/Transaction Details, incorrect phone number(s) used for Plaintiff, names of individuals unknown to Plaintiff provided in Identity Review documents, incorrect address used for Card Holder Info, etc." and that "at least some of the purchases [were] 'pinged' to an area approximately 7 miles from Plaintiff's address." (Doc. 1-1 at ¶¶ 34–35.)

Chase has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss all three claims alleged in the complaint, including breach of contract, a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), and an infraction under the federal Truth in Lending Act ("TILA") for unauthorized use of credit cards. (*Id.*) Having been fully briefed, the motion is ripe for review.

## II.    STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).  "When reviewing a 12(b)(6) motion, we 'accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them.'" *Estate of Ginzburg by Ermey v. Electrolux Home Prods., Inc.*, 783 F. App'x 159, 162 (3d Cir. 2019) (quoting *Taksir v. Vanguard Grp.*, 903 F.3d 95, 96–97 (3d Cir. 2018)). The facts alleged must be "construed in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010) (internal quotations, brackets, and ellipses omitted).  But "[t]he court is not required to draw unreasonable inferences" from the facts.  5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2004).

The Third Circuit has detailed a three-step process to determine whether a complaint meets the pleading standard. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2014). First, the court outlines the elements a plaintiff must plead to state a claim for relief. *Id*. at 365. Second, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." *Id*. Third, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

### III.   <u>DISCUSSION</u>

### A. The complaint adequately states a claim for breach of contract.

Chase's motion argues that McPartland fails to allege facts to support a breach of contract claim. To plead a claim for breach of contract under Pennsylvania law, a plaintiff must allege "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (citing *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)). A plaintiff may "assert the existence of an express, written contract either by setting it forth verbatim in the complaint, ... 'attach[ing] a copy as an exhibit, or plead[ing] it according to its legal

4

effect.'" *Transp. Int'l Pool, Inc. v. Ross Stores, Inc.*, No. 1:06-CV-1812, 2009 WL 1033601, at *3 (E.D. Pa. Apr. 15, 2009) (quoting *Pierce v. Montgomery Cnty. Opportunity Bd., Inc.*, 884 F. Supp. 965, 970 (E.D. Pa. 1995)); Fed. R. Civ. P 8(a). When pleading a contract according to its legal effect, a plaintiff "must allege facts sufficient to place the defendant on notice of the contract claim in such a way that the defendant can reasonably respond." *Clapps v. State Farm Ins. Cos.*, 447 F. Supp. 3d 293, 298 (E.D. Pa. 2020) (quoting *Transp. Int'l Pool, Inc.*, 2009 WL 1033601, at *3). To plead breach, a plaintiff must allege facts establishing a violation of a contractual duty, and in doing so, must identify the specific obligation allegedly breached. *See Hart v. Univ. of Scranton,* 838 F. Supp. 2d 324, 327–28 (M.D. Pa. 2011).

Here, the complaint adequately states a claim for breach of contract. Although McPartland did not attach a copy of the contract as an exhibit to the complaint, he avers that Chase had a contractual obligation "not to hold Plaintiff financially responsible for fraudulent and/or unauthorized purchases" on his Chase credit cards, and further alleges that Chase violated that obligation by "continuing to seek payment" on such charges. (Doc. 1-1 at ¶¶ 45–46.) These statements adequately assert the breach of a contractual obligation.[3] *See Clapps*, 447 F. Supp. 3d at 298

---

[3] Because McPartland alleges that Chase has a contractual obligation not to hold him liable for unauthorized charges, the cases that Chase cites to support the claim's dismissal are distinguishable. *See e.g., Troxler v. Cap. One Bank (USA), N.A.*, No. 4:16-CV-02554, 2017 WL

(finding a breach of contract claim was stated even though the plaintiff did not allege all of the contract's essential terms because the complaint gave sufficient notice to permit the defendant to respond); *see also Transp. Int'l Pool, Inc.*, 2009 WL 1033601, at *3, n.2 (denying dismissal even though the contract was not produced and the complaint only generally alleged the defendant's obligation to pay under the lease agreement); *Pierce*, 884 F. Supp. at 970 (denying dismissal where the allegation of breach could be reasonably inferred). Accepting the complaint's factual allegations as true, the court finds that McPartland has plausibly stated a claim for breach of contract and will therefore deny Chase's motion to dismiss it.

## B. The complaint fails to adequately allege a claim under Pennsylvania's UTPCPL.

Chase also argues that McPartland's complaint fails to state a UTPCPL claim. The UTPCPL "prohibits 'unfair methods of competition' and 'unfair or deceptive acts or practices' in the conduct of trade or commerce." *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221 (3d Cir. 2008), *as amended* (Nov. 6, 2008) (citing 73 PA. CONS. STAT. § 201–3 and *Toy v. Metro. Life Ins. Co.*, 928 A.2d 186, 190 n.4 (Pa. 2007)). Pennsylvania law provides a remedy to a person who has suffered "any ascertainable

---

4180113, at *3 (M.D. Pa. Sept. 21, 2017) (plaintiff did not plead that the defendant's delay in returning a deposit violated a contractual deadline); *Scheffler v. TD Bank, N.A.*, No. 18-CV-06688, 2019 WL 192651, at *2 (D.N.J. Jan. 15, 2019) (plaintiff failed to identify which contractual duty was allegedly breached); *Bulut v. JP Morgan Chase Bank, N.A.*, No. 18-CV-9303, 2019 WL 1930757, at *4 (D.N.J. May 1, 2019) (plaintiff's allegation that the defendant breached "fundamental contractual dut[ies]" was insufficiently specific to plead breach).

loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by [the UTPCPL]." 73 PA. CONS. STAT. ANN. § 201-9.2 (a). To state a UTPCPL claim, a plaintiff must allege that he (1) suffered "an ascertainable loss as a result of the defendant's prohibited action;" and (2) "justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance." *Hunt*, 538 F.3d at 221 (quoting *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004)); *see also Riviello v. Chase Bank USA, N.A.*, No. 3:19-CV-0510, 2020 WL 1129956, at *3 (M.D. Pa. Mar. 4, 2020).

Here, Chase argues that the complaint fails to state a claim under the UTPCL because it does not allege that McPartland suffered an ascertainable loss. To plead an ascertainable loss, a plaintiff "must be able to point to money or property that he would have had but for the defendant's fraudulent actions," *Benner v. Bank of Am., N.A.*, 917 F. Supp. 2d 338, 360 (E.D. Pa. 2013), and such damages cannot be speculative. *Jarzyna v. Home Properties, L.P.*, 185 F. Supp. 3d 612, 626 (E.D. Pa. 2016), *aff'd*, 783 F. App'x 223 (3d Cir. 2019). McPartland's allegation that Chase is holding him liable for an unauthorized charge is insufficient to plead an ascertainable loss. (Doc. 1-1 ¶ 62.) *See Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 181–82 (3d Cir. 2015), *abrogated on other grounds by Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019) (affirming that the complaint's allegation of unpaid, disputed

Case 1:22-cv-00284-SHR   Document 17   Filed 06/02/22   Page 8 of 13

fees did not sufficiently plead ascertainable loss); *see also Benner*, 917 F. Supp. 2d at 360 (holding that liability for an outstanding disputed fee, without payment thereof, is not a loss of money or property).

Equally insufficient are his allegations of "irreparable damage to his credit" and an inability "to refinance his primary mortgage to take advantage of historically low interest rates." (Doc. 1-1 ¶ 42.) Courts have consistently held that a diminished credit score does not constitute an ascertainable loss, and an inability to secure a new loan cannot properly be characterized as a loss. *See, e.g.*, *Walkup v. Santander Bank, N.A.*, 147 F. Supp. 3d 349, 358 (E.D. Pa. 2015) (noting that a decrease in credit score, without more, is a reputational injury that does not constitute an ascertainable loss); *Grimaldi v. Bank of Am.*, No. 3:12-CV-2345, 2013 WL 1050549 (M.D. Pa. Mar. 14, 2013) (noting that a hypothetical attempt to refinance a home is not an ascertainable loss but that the closure of an existing line of credit to which the plaintiff has a determined "right of access" may be); *see also Levy-Tatum v. Navient & Sallie Mae Bank*, No. CV 15-3794, 2016 WL 75231, at *10 (E.D. Pa. Jan. 7, 2016) (declining to decide as a matter of law whether a decreased credit limit constituted an ascertainable loss). McPartland's UTPCPL claim will therefore be dismissed.

Contrary to Chase's argument, however, McPartland's UTCPL claim need not be dismissed with prejudice under the gist of the action doctrine. The gist of the action doctrine bars "an alleged tort claim against a party to a contract, based on the

party's actions undertaken in the course of carrying out a contractual agreement"
when "the gist or gravamen of the cause of action stated in the complaint, although
sounding in tort, is, in actuality, a claim against the party for breach of its contractual
obligations." *Earl v. NVR, Inc.*, 990 F.3d 310, 314–15 (3d Cir. 2021) (quoting *Bruno
v. Erie Ins. Co.*, 106 A.3d 48, 53 (Pa. 2014)). This determination turns on whether
the duty that was allegedly breached originates from a contractual "promise to do
something that a party would not ordinarily have been obligated to do but for the
existence of the contract," or whether the alleged violation is of a "broader social
duty owed to all individuals" that "exists regardless of the contract." *Id.* (quoting
*Bruno*, 106 A.3d at 68).

Here, McPartland's UTPCPL claim is not barred by the gist of the action
doctrine because the complaint alleges an underlying duty not based on a contractual
relationship, but one that is owed to the public at large. (*See* Doc. 1-1 ¶¶ 55–57.) The
basis of McPartland's claim is that Chase engaged in false advertising and made
inaccurate representations that induced him to enter the contract. (*See id.* ¶ 59.) *See
Okulski v. Carvana, LLC,* No. 1:20-CV-1328, 2021 WL 2223834, *4–5 (E.D. Pa.
June 2, 2021) (holding that the doctrine did not apply where the defendant's false
promises induced the plaintiff to enter the contract and the contract had no express
terms concerning the promises' subject matter) (citing *Earl*, 990 F.3d at 315–16).
While Chase claims that McPartland is really complaining about a duty that arises

from contract, it fails to attach any contract and does not otherwise rebut McPartland's allegations with information that can be considered at the pleading stage. Because a plaintiff is permitted to plead inconsistent claims and considering that the court "must permit a curative amendment, unless an amendment would be inequitable or futile," McPartland's UTPCPL claim will be dismissed without prejudice to McPartland's right to amend the complaint. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008); FED. R. CIV. P. 8(d)(2).

### C. The complaint adequately alleges a claim under TILA.

Finally, Chase argues that McPartland's complaint fails to state a claim under TILA because it does not allege actual damages.[4] The express purpose of TILA is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a). In essence, "Congress enacted TILA to guard against the danger of unscrupulous lenders taking advantage of consumers through fraudulent or otherwise confusing practices." *Cappuccio v. Prime Cap.*

---

[4] Chase also argues that McPartland's TILA claim should be barred because the complaint does not expressly reference the statutory provision authorizing a private cause of action. This argument is unavailing because federal notice pleading does not require the plaintiff to cite the statute on which the claim is based. FED. R. CIV. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008) (refusing to dismiss a claim for failure to identify its "statutory or constitutional source"). Moreover, the heading identifies that the claim is pursuant to 15 U.S.C. 1601 *et seq.*, which encompasses the private action provision.

*Funding LLC*, 649 F.3d 180, 188 (3d Cir. 2011), *as amended* (Sept. 29, 2011) (internal quotation omitted). As a remedial statute, TILA "should be construed liberally in favor of the consumer." *Id.* (internal quotation omitted).

Section 1643 of TILA addresses the unauthorized use of a credit card and prohibits a credit card issuer from holding a cardholder responsible for an unauthorized charge, "without complying with specific requirements—among them that in no circumstances may liability exceed $50."[5] *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 442 (3d Cir. 2018); 15 U.S.C. § 1643(a)(1)(B). The statute provides

---

[5] Section 1643 provides:

>   (a) Limits on liability
>   (1) A cardholder shall be liable for the unauthorized use of a credit card only if —
>       (A) the card is an accepted credit card;
>       (B) the liability is not in excess of $50;
>       (C) the card issuer gives adequate notice to the cardholder of the potential liability;
>       (D) the card issuer has provided the cardholder with a description of a means by which the card issuer may be notified of loss or theft of the card, which description may be provided on the face or reverse side of the statement required by section 1637(b) of this title or on a separate notice accompanying such statement;
>       (E) the unauthorized use occurs before the card issuer has been notified that an unauthorized use of the credit card has occurred or may occur as the result of loss, theft, or otherwise; and
>       (F) the card issuer has provided a method whereby the user of such card can be identified as the person authorized to use it.
>   …
>   (d) Exclusiveness of liability
>   Except as provided in this section, a cardholder incurs no liability from the unauthorized use of a credit card.

15 U.S.C. § 1643(a)(1), (d).

individuals a private right of action: "'[A]ny creditor who fails to comply with any requirement imposed under [15 U.S.C. §§ 1631–1651] ... with respect to any person is liable to such person' for relief that includes 'any actual damage sustained by such person as a result of the failure.'" *Krieger*, 890 F.3d at 442 (quoting 15 U.S.C. § 1640(a)). Statutory damages for TILA violations involving credit cards are calculated at "twice the amount of any finance charge in connection with the transaction, with a minimum of $500 and a maximum of $5,000." 15 U.S.C. § 1640(a)(2)(A)(iii); § 1602(j).

Contrary to Chase's argument, the complaint adequately states a TILA claim. McPartland alleges that Chase violated § 1643 of TILA by holding him liable for over $20,000 in unauthorized charges, which far exceeds the $50 permitted by statute. 15 U.S.C. § 1643(a)(1)(B). While the complaint may not expressly allege actual damages, the underlying TILA claim entitles a plaintiff to statutory damages, even absent an allegation of financial loss, detrimental reliance, or an imposed finance charge.[6] *See Schnall v. Amboy Nat. Bank*, 279 F.3d 205, 218 (3d Cir. 2002) (citing *Dzadovsky v. Lyons Ford Sales, Inc.*, 593 F.2d 538, 539 (3d Cir. 1979)

---

[6] Chase argues that only actual damages are recoverable for a violation of § 1643. (*See* Doc. 8 at 15–16.) Not only is this argument contrary to the plain language of § 1640(a), but the single case Chase cites made no express finding on the availability of statutory damages and effectively permitted the claim for both statutory and actual damages by reversing the district court's dismissal of the claim. *See Krieger*, 890 F.3d at 436, 445; *see also* 15 U.S.C. § 1640(a) (providing for actual damages, statutory damages, costs and attorney fees for violations of Part B, D, or E, which includes § 1643 within Part B).

(rejecting "the requirement of financial loss before a borrower may bring an action" for statutory damages under TILA); *Vallies v. Sky Bank*, 591 F.3d 152, 158 (3d Cir. 2009) ("Without detrimental reliance, only statutory damages are available."); *Mourning v. Fam. Publications Serv., Inc.*, 411 U.S. 356, 376 (1973) (affirming the imposition of the minimum statutory sanction where no finance charge was involved). Because Chase has not met its burden to show that McPartland's TILA claim fails as a matter of law, its motion to dismiss this claim will be denied.

## IV.   <u>CONCLUSION</u>

For the reasons explained above, the court will grant in part and deny in part Defendant JP Morgan Chase Bank, N.A.'s motion to dismiss. (Doc. 4.) An appropriate order shall follow.

<u>s/ Sylvia H. Rambo</u>
SYLVIA H. RAMBO
United States District Judge

Dated: June 2, 2022