IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCOTT A. MCPARTLAND,** | : | Civil No. 1:22-CV-284 |
| **Plaintiff,** | : | |
| v. | : | |
| **CHASE MANHATTAN BANK USA, N.A. d/b/a CHASE BANKCARD SERVICES, INC.,** | : | |
| **Defendant.** | : | Judge Sylvia H. Rambo |

# M E M O R A N D U M

Before the court is Defendant JP Morgan Chase Bank, N.A.'s partial motion to dismiss the amended complaint.[1] (Doc. 20.) For the reasons set forth below, the motion will be granted without prejudice.

## I. BACKGROUND

This dispute concerns the accrual of over $20,000 in purportedly unauthorized charges on Plaintiff Scott McPartland's two credit card accounts with Defendant Chase. The amended complaint alleges the following facts, which are taken as true for purposes of resolving the motion to dismiss.

For approximately fifteen years, McPartland maintained Disney and Bonvoy credit cards with Chase in good standing. (Doc. 19 ¶¶ 4, 7.) Between December 22,

---

[1] As the court previously noted, Defendant (hereinafter "Chase") was improperly named in the complaint as Chase Manhattan Bank USA, N.A. d/b/a Chase Bankcard Services, Inc. (*See Doc.* 17 at 1 n.1.)

1

2020 and February 3, 2021, McPartland's Bonvoy card incurred at least $6,952.97 of unauthorized charges with two gambling websites and for the online purchase of gift cards. (*Id*. ¶¶ 8–13, 15.) Between December 26, 2020 and January 11, 2021, McPartland's Disney card accrued at least $14,165.32 of unauthorized charges at the same two gambling websites. (*Id*. ¶¶ 17, 18, 21.) McPartland became aware of the unauthorized charges when he reviewed his billing statements in February 2021, at which point he contacted Chase, filed a police report, and reported identity theft to the Federal Bureau of Investigation. (*Id*. ¶¶ 27–30.)

In late April 2021, Chase sent McPartland a letter stating its conclusion that the disputed charges were valid. According to McPartland, however, the evidence Chase presented was, in fact, suggestive of identity theft.[2] (*Id*. ¶¶ 32–34.) Nevertheless, Chase refused to remove the charges or further investigate the matter, and it continues to seek payment from McPartland. (*Id*. ¶¶ 32, 39.) The amended complaint alleges that McPartland "will have suffered a loss" because "Chase continues to hold Plaintiff responsible for the fraudulent transactions," and that he "has contacted [Chase] so as to make a payment on the fraudulent charges." (Doc. 19 ¶¶ 63–64.) McPartland further avers that he has lost money in attorney's fees by

---

[2] McPartland avers that the evidence suggestive of identity theft includes "multiple IP Addresses used in Order/Transaction Details, incorrect phone number(s) used for Plaintiff, names of individuals unknown to Plaintiff provided in Identity Review documents, incorrect address used for Card Holder Info, etc." and that "at least some of the purchases [were] 'pinged' to an area approximately 7 miles from Plaintiff's address." (Doc. 19 at ¶¶ 33–34.)

litigating this action himself when he otherwise could have billed for the hours in his own legal practice. (*Id.* ¶¶ 65–67.)

On January 27, 2022, McPartland filed a complaint against Chase in the Court of Common Pleas of Dauphin County, Pennsylvania, which Chase then removed to federal court. (Docs. 1, 1-1.) McPartland subsequently filed a motion for a preliminary injunction which sought to enjoin Chase from negatively reporting on his credit, which the court denied on May 4, 2022. (Docs. 10, 15–16.) Chase also filed a motion to dismiss the complaint, which the court granted in part by dismissing without prejudice McPartland's claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). (Docs. 4, 17–18.) On July 5, 2022, McPartland filed an amended complaint. (Doc. 19.)

Chase has filed a motion to dismiss the amended UTPCPL claim (Count II). (Doc. 20.) The motion is fully briefed and ripe for review.

II.     **STANDARD OF REVIEW**

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "When reviewing a 12(b)(6) motion, we 'accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them.'" *Estate

of Ginzburg by Ermey v. Electrolux Home Prods., Inc.*, 783 F. App'x 159, 162 (3d Cir. 2019) (quoting *Taksir v. Vanguard Grp.*, 903 F.3d 95, 96–97 (3d Cir. 2018)). The facts alleged must be "construed in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010) (internal quotations, brackets, and ellipses omitted). But "[t]he court is not required to draw unreasonable inferences" from the facts. 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2004).

The Third Circuit has detailed a three-step process to determine whether a complaint meets the pleading standard. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2014). First, the court outlines the elements a plaintiff must plead to state a claim for relief. *Id*. at 365. Second, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." *Id*. Third, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

III. **DISCUSSION**

To state a UTPCPL claim, a plaintiff must allege that he suffered "an ascertainable loss as a result of the defendant's prohibited action," *Weinberg v. Sun Co.*, 777 A.2d 442, 446 (Pa. 2001); and "justifiably relied on the defendant's

wrongful conduct or representation and that he suffered harm as a result of that reliance." *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221 (3d Cir. 2008), *as amended* (Nov. 6, 2008) (quoting *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004)); *see also Riviello v. Chase Bank USA, N.A.*, No. 3:19-CV-0510, 2020 WL 1129956, at *3 (M.D. Pa. Mar. 4, 2020). To plead an ascertainable loss, a plaintiff "must be able to point to money or property that he would have had but for the defendant's fraudulent actions," *Benner v. Bank of Am., N.A.*, 917 F. Supp. 2d 338, 360 (E.D. Pa. 2013), and such damages cannot be speculative. *Jarzyna v. Home Properties, L.P.*, 185 F. Supp. 3d 612, 626 (E.D. Pa. 2016), *aff'd*, 783 F. App'x 223 (3d Cir. 2019); *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 180 (3d Cir. 2015), *abrogated on other grounds by Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019).

Here, McPartland's amended UTPCPL claim suffers from the same defect as his initial claim: it fails to allege that McPartland suffered an ascertainable loss. McPartland's assertion that he will suffer loss based on an unpaid, disputed charge is inadequate because it relies solely on the prospect of future damages, which courts have repeatedly held to be insufficient as a matter of law. (Doc. 19 ¶¶ 63–64.) *See Kaymark*, 783 F.3d at 181–82 (affirming that the plaintiff's allegation of unpaid, disputed fees did not plead ascertainable loss); *Benner*, 917 F. Supp. 2d at 360 (holding that liability for an outstanding disputed fee, without payment thereof, is

not a loss of money or property); *Solarchick ex rel. Solarchick v. Metro. Life Ins. Co.*, 430 F.Supp.2d 511, 516 (W.D. Pa. 2006) ("A party … cannot be compensated for a loss not suffered."); *Behr v. Fed. Home Loan Mortg., Corp*, No. 1:14-CV-291, 2015 WL 5123656 (W.D. Pa. July 29, 2015), *report and recommendation adopted in relevant part*, 2015 WL 5132519 (W.D. Pa. Sept. 1, 2015) (holding that anticipated moving expenses were not ascertainable loss but rather "forward-looking speculative" damages). The mere allegation that McPartland attempted to make payment on the charges does not cure his failure to allege facts showing a loss of money or property from Chase's fraudulent conduct.[3] (Doc. 19 ¶¶ 62–63.)

Equally insufficient is McPartland's allegation of loss premised on the fact that his time spent litigating this case detracts from billing hours in his private legal practice. It is well-settled that attorney's fees paid to retained counsel are not an "ascertainable loss" under the UTPCPL. *See Grimes v. Enter. Leasing Co. of Phila., LLC*, 105 A.3d 1188, 1193 (Pa. 2014) (holding that "mere acquisition of counsel would not suffice to satisfy the 'ascertainable loss' requirement"). McPartland offers

---

[3] In his opposition brief, McPartland further alleges that Chase did not respond to his two attempts to make payment, and he argues that Chase's failure to communicate shows a bad faith attempt to thwart his UTPCPL claim. (Doc. 22 at 2.) The argument is unavailing. McPartland does not cite any authority to support that an attempt at payment excuses the UTPCPL's requirement of an ascertainable loss, and the amended complaint itself alleges no facts from which bad faith could reasonably be inferred. *See Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007) (quoting *Commw. of Pa. ex. rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir.1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (internal citation omitted)).

6

no explanation why the result should be different simply because he himself is performing the legal services. Indeed, the same underlying rationale for excluding attorney's fees applies here with equal force. *See id.* at 1193–94 (characterizing attorney's fees as "derivative and consequential" of the underlying claim, and reasoning that a plaintiff could otherwise manufacture an ascertainable loss "simply by obtaining counsel"); *Jarzyna*, 185 F. Supp. at 627 (rejecting that the plaintiff's litigation-related time off work and travel expenses constituted an ascertainable loss because, like attorney's fees, such expenditures are manufactured by virtue of initiating an action); *Kaymark*, 783 F.3d at 181 n.5 ("The thrust of [*Grimes*] reads that because the plaintiff did not pay the disputed fees and therefore could not plead ascertainable loss, she cannot manufacture that loss with attorneys' fees."). Without sufficient allegations of an ascertainable loss, the amended complaint fails to state a claim under the UTPCPL.

## IV. CONCLUSION

For the reasons explained above, Defendant JP Morgan Chase Bank, N.A.'s motion to dismiss Count II of the amended complaint will be granted without prejudice. (Doc. 20.) An appropriate order shall follow.

*s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: January 4, 2023